IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00935-GPG

TYRONE DUANE SMALL,

      Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO, and
RICK RAEMISCH, Executive Director, Colorado Department of Corrections,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

      Applicant, Tyrone Duane Small, is in the custody of the Colorado Department of Corrections (CDOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Small initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court reviews the Application liberally because Mr. Small is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the Application and has determined that it is deficient.  For the reasons discussed below, Mr. Small will be ordered to file an Amended § 2241 Application.

      Mr. Small raises the following claims in his § 2241 Application: (1) the CDOC has classified him improperly as a violent offender so that he is required to serve 75% of his

sentence before he is eligible for parole, while similarly-situated prisoners are only required to serve 50% of their sentences before being eligible for parole; (2) COLO. REV. STATS. (C.R.S.) § 17-22.5-403 and § 18-1.3-406, are contradictory and ambiguous concerning the classification of violent offenders; (3) he has not received earned and good time credits to which he is entitled; (4) his appointed counsel was constitutionally ineffective in plea proceedings; (5) his guilty plea was not knowing and voluntary; and, (6) he is entitled to receive pre-sentence confinement credit against his sentence.  (ECF No. 1, at 2-8).  For relief, he asks that he be deemed eligible for parole since he has served 50% of his sentence, or that he be allowed to withdraw his guilty plea.  (*Id.* at 25).

"Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), while a petition under § 2254 challenges the validity of a state court conviction or sentence.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Mr. Small's claims challenging the validity of his state court conviction (ineffective assistance of counsel and invalid plea agreement) must be asserted in a separate proceeding under 28 U.S.C. § 2254.  The Amended Application that Mr. Small will be directed to file should not include the ineffective assistance of counsel claim or a challenge to the constitutionality of his plea agreement.

Mr. Small is reminded that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4).  Applicant must allege specific facts in support of each claim for relief to show a violation of his

constitutional rights. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).  *See also* Fed. R. Civ. P. 8(a) (requiring that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.").

Mr. Small is also reminded that the proper Respondent in a habeas corpus action is the prisoner's current custodian – i.e., the warden of the facility where the prisoner is incarcerated.  *See* 28 U.S.C. §2243 (stating that the writ "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Accordingly, it is

ORDERED that Applicant, Tyrone Duane Small, file an Amended § 2241 Application, on the court-approved form, that complies with the directives in this order **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Mr. Small shall obtain a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, with the assistance of his case manager or the facility's legal assistant, at www.cod.uscourts.gov and shall use the form in filing the Amended Application.  It is

FURTHER ORDERED that, if Applicant fails to file an Amended § 2241 Application that complies with this order **within thirty (30) days from the date of this order**, the application(s) may be dismissed, in whole or in part, without further notice.

The dismissal shall be without prejudice.

      DATED May 4, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge