IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00935-GPG

TYRONE DUANE SMALL,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO, and
RICK RAEMISCH, Executive Director, Colorado Department of Corrections,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Tyrone Duane Small, is in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Sterling, Colorado. Mr. Small initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On May 4, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Application and determined that it was deficient because Mr. Small asserted claims challenging the validity of his state court conviction and sentence and the execution of his sentence in a single pleading. (ECF No. 9). Mr. Small alleges the following claims in his § 2241 Application: (1) the CDOC has classified him improperly as a violent offender so that he is required to serve 75% of his sentence before he is eligible for parole, while similarly-situated prisoners are only required to serve 50% of their sentences before being eligible for parole; (2) COLO. REV. STATS. (C.R.S.) § 17-22.5-403 and § 18-1.3-406,

are contradictory and ambiguous concerning the classification of violent offenders; (3) he has not received earned and good time credits to which he is entitled; (4) his appointed counsel was constitutionally ineffective in plea proceedings; (5) his guilty plea was not knowing and voluntary; and, (6) he is entitled to receive pre-sentence confinement credit against his sentence. (ECF No. 1, at 2-8). For relief, he asks that he be deemed eligible for parole since he has served 50% of his sentence, or that he be allowed to withdraw his guilty plea. (*Id.* at 25).

Magistrate Judge Gallagher reminded Mr. Small in the May 4 Order that "[p]etitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), while a petition under § 2254 challenges the validity of a state court conviction or sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Magistrate Judge Gallagher instructed Applicant that his claims challenging the validity of his state court conviction (ineffective assistance of counsel and invalid plea agreement) must be asserted in a separate proceeding under 28 U.S.C. § 2254. Accordingly, Magistrate Judge Gallagher ordered Mr. Small to file an Amended § 2241 Application that excluded any claims challenging the validity of Applicant's plea agreement or asserting the ineffective assistance of plea counsel.

Magistrate Judge Gallagher also reminded Applicant in the May 4 Order that the Amended § 2241 Application must contain specific facts in support of each claim for relief to show a violation of his constitutional rights. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *see also* Fed. R. Civ. P. 8(a) (requiring that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."); Fed. R. Civ. P. 81(a)(4) (stating that the Federal Rules of Civil Procedure apply to habeas proceedings).

Finally, Mr. Small was reminded in the May 4 Order that the proper Respondent in a habeas corpus action under § 2241 is the prisoner's current custodian – i.e., the warden of the facility where the prisoner is incarcerated. *See* 28 U.S.C. §2243 (stating that the writ "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Mr. Small did not file an Amended § 2241 Application within thirty days, as directed in the May 4 Order (*see* ECF No. 9), nor has he communicated with the Court since May 1, 2015. Magistrate Judge Gallagher warned Applicant that failure to file an Amended § 2241 Application by the court-ordered deadline may result in dismissal of the Application without further notice. (*Id.*). This action, therefore, will be dismissed without prejudice for Applicant's failure to comply with a court order and failure to prosecute.

Mr. Small is advised that if he files a new habeas corpus application, under 28 U.S.C. § 2241 (challenging the execution of his sentence), or under 28 U.S.C. § 2254 (challenging the validity of his conviction and sentence), he is subject to the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Furthermore, Applicant must exhaust available state court remedies before pursuing federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241, filed by Tyron Duane Small, on May 1, 2015, is DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 41(b) for Applicant's failure to comply with a court order and failure to prosecute this action.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Small has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Small files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED June 11, 2015, at Denver, Colorado.

                                   BY THE COURT:

                                   s/Lewis T. Babcock
                                   LEWIS T. BABCOCK, Senior Judge
                                   United States District Court